# United States District Court
## District of Wyoming

Colorado Case: 22-mj-00167-NRN

### Petition for Warrant or Summons for Offender Under Supervision

| | | | |
|---|---|---|---|
| Name of Offender: | RYDER STORM JENKINS | Case No.: | 18CR-103-S1/19CR-57-S1 |

| | |
|---|---|
| Sentencing Judicial Officer: | 18CR-103-SWS-1: Scott W. Skavdahl |
| | 19CR-57-SWS-1: Scott W. Skavdahl |
| Date of Original Sentence: | 18CR-103-SWS-1: April 11, 2019 |
| | 19CR-57-SWS-1: May 3, 2019 |
| Original Offense: | 18CR-103-SWS-1: Assaulting a Federal Officer |
| | 19CR-57-SWS-1: Assaulting and Resisting Persons Assisting Federal Law Enforcement Officers (2 Counts) |
| Original Sentence: | 18CR-103-SWS-1: 13 months custody/3 years supervised release |
| | 19CR-57-SWS-1: 23 months custody (concurrent to 18CR-103)/3 years supervised release (concurrent to 18CR-103) |
| Type of Supervision: | Supervised release |
| Date Supervision Commenced: | April 18, 2022 |
| Date Supervision Modified: | March 31, 2022 (4 months RRC) |
| Assistant U.S. Attorney: | Timothy W. Gist |
| Defense Attorney: | Craig Silva |

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
10:37 am, Oct 05, 2022
JEFFREY P. COLWELL, CLERK

### Petitioning the Court

☒ To issue a warrant
☐ To issue a summons
☐ To sign and have filed an amended petition

The probation officer believes the offender has violated the following condition(s) of supervision:

(See attached)

### U.S. Probation Officer Recommendation:

☒ The term of supervision should be
    ☒ revoked.
    ☐ extended for _____ years, for a total of _____ years.
☐ The conditions of supervision should be modified as follows:

I declare under penalty of perjury that the foregoing is true and correct.

_/s/ Eddie Lobatos_            April 25, 2022

Eddie Lobatos            Date
Senior U.S. Probation Officer

Approved by: _/s/ Paul E. Ricketts_

Paul Ricketts
Chief U.S. Probation Officer

Petition for Warrant
RYDER STORM JENKINS

| THE COURT ORDERS: | THE COURT FURTHER ORDERS: |
|---|---|
| ☐ No Action | ☐ Counsel to file Notice of Intent to Contest |
| ☒ The issuance of a warrant | the Results of the Urinalysis Testing within |
| ☐ The issuance of a summons | two days of the Initial Appearance on this |
| ☐ Other | Petition. |

_____  4/25/22
Scott W. Skavdahl                   Date
Chief U.S. District Judge

### Violation No. 1

| Special Condition | 1 | Special Condition by modification: The defendant shall reside at a Residential Re-Entry Center (RRC) designated by the United States Bureau of Prisons for a period of 4 months, or until he is able to secure a suitable release plan. The defendant shall comply with all rules of the program and follow all staff directives until he has successfully completed the program. He shall not cause himself to be unsuccessfully terminated from the facility. |
|---|---|---|
| Standard Condition | 1 | The defendant shall report to the probation office in the federal judicial district where he or she is authorized to reside within 72 hours of the time the defendant was sentenced or released from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame. |

### Nature of Noncompliance

On April 18, 2022, the defendant was released from USP Beaumont, Beaumont, Texas, to begin his term of supervised release. Arrangements were made for the defendant to arrive at the Casper Re-Entry Center, Casper, Wyoming, on the evening of April 21, 2022. The defendant had notified the U.S. Probation Office on the afternoon of April 21st, that he was getting on a greyhound bus in Denver, Colorado, in route to Casper.

The defendant never reported to the Casper Re-Entry Center. Attempts were made to reach the defendant to no avail. As of this date, the defendant's whereabouts are unknown.

### U.S. Probation Officer's Action

This *Petition for Warrant for Offender Under Supervision* was submitted to the Court.

---

**Penalties for Supervised Release Violations on Case No. 18CR-103-SWS-1:**

**Statutory Penalties:** According to 18 U.S.C. § 3583(e)(3), the Court may revoke a term of supervised release and require the person to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision. The maximum revocation term of custody for a class D felony is 2 years.

Pursuant to 18 U.S.C. § 3583(h), if supervision is revoked and the defendant is sentenced to a term of imprisonment, the Court may sentence the defendant to an additional term of supervised release. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the original offense, less any term of imprisonment imposed upon revocation of supervised release.

**Guideline Penalties:** In the case of revocation of supervised release, the applicable term of imprisonment is found in the Sentencing Guideline Table under 7B1.4(a). This section states that for Grade C Violations with a Criminal History Category of II, and where the defendant was on supervised release as a result of a sentence for a Class D felony, the applicable imprisonment range is 4 - 10 months.

Petition for Warrant
RYDER STORM JENKINS

Pursuant to U.S.S.G. § 7B1.3(g)(2), the term should not exceed the original term of supervised release authorized by statute less any term of imprisonment imposed upon revocation.

**Penalties for Supervised Release Violations on Case No. 19CR-057-SWS-1:**

**Statutory Penalties:** According to 18 U.S.C. § 3583(e)(3), the Court may revoke a term of supervised release and require the person to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision. The maximum revocation term of custody for a class D felony is 2 years.

Pursuant to 18 U.S.C. § 3583(h), if supervision is revoked and the defendant is sentenced to a term of imprisonment, the Court may sentence the defendant to an additional term of supervised release. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the original offense, less any term of imprisonment imposed upon revocation of supervised release.

**Guideline Penalties:** In the case of revocation of supervised release, the applicable term of imprisonment is found in the Sentencing Guideline Table under 7B1.4(a). This section states that for Grade C Violations with a Criminal History Category of II, and where the defendant was on supervised release as a result of a sentence for a Class D felony, the applicable imprisonment range is 5 - 11 months.

Pursuant to U.S.S.G. § 7B1.3(g)(2), the term should not exceed the original term of supervised release authorized by statute less any term of imprisonment imposed upon revocation.